NEWPORT ENGINEERING COMPANY and Others, Respondents, v. INCOME PROPERTIES CORPORATION, Appellant, and Others, Defendants.— Order modified by granting the right to plaintiffs to examine the defendant Income Properties Corporation, through B. E. Monks, its secretary, at a time and place to be fixed on the settlement of the order, and that the said company shall either produce its original books, as recited in the order appealed from, or produce sworn copies of such necessary and material portions thereof as shall be required in writing by the plaintiffs; and that if copies are furnished, the plaintiffs shall have leave to examine the said original books and this defendant shall permit such examination, at the place where they are kept, to verify the correctness of the copies. As so modified, the order is affirmed, without costs. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.

ARTHUR L. PEIRSON and Others, as Trustees, Respondents, v. LLOYDS FIRST MORTGAGE COMPANY, Appellant.— Judgment reversed on the law, with costs, and the complaint dismissed, with costs. The plaintiffs did not establish either complete or substantial compliance with paragraph first of Exhibit A, the doing of which was a condition precedent to a recovery by the plaintiffs. Accordingly, there was no basis for a direction of a verdict in favor of the plaintiffs under the stipulation of the parties with respect to practice herein. Appeal from order dismissed. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

JOSEPH A. PERLSTEIN, Respondent, v. HAROLD REISS and WIDDER DYE AND CHEMICAL Co., INC., Appellants. (Appeal No. 1.) — The order from which an appeal is taken modified by striking from the first decretal paragraph of the order the words: " and that the sums so withheld shall be sums not less than one-half of the amounts which Samuel Weiss, president of said corporation, shall from time to time during the pendency of this action draw from said corporation as salary, dividends, profits, bonus or by whatever other name called "— on the ground that the agreement sued on does not contain any such provision, and that their inclusion in the order is unauthorized; and as so modified the order is affirmed, without costs, with leave to the defendant Reiss, at any time after thirty days from the entry and service of this order, to apply at Special Term to vacate the order herein if plaintiff fails to bring the action on promptly for trial. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

JOSEPH A. PERLSTEIN, Respondent, v. HAROLD REISS, Defendant, and WIDDER DYE AND CHEMICAL Co., INC., Appellant. (Appeal No. 2.) — Order denying motion of defendant Widder Dye and Chemical Co., Inc., to dismiss complaint affirmed, with ten dollars costs and disbursements, with leave to said defendant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KARSTEN JACOBSEN, Appellant.— Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE ERNEST PUGH, Appellant.— Judgment of conviction of the Court of Special Sessions, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.